IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

WELLS FARGO BANK, etc.,

        Plaintiff,     Case No. 3:08 CV 2970

  -vs-

                  MEMORANDUM OPINION

STEVEN GILLELAND, et al.,

        Defendant.

KATZ, J.

This matter is before the Court on Defendants Steven and Lisa Gilleland's ("Defendants") motion to remand. (Doc. No. 22). Counterclaim Defendant Lerner, Sampson & Rothfuss ("LSR" or "Counterclaim Defendant") filed a response (Doc. No. 27) and Defendants filed a reply (Doc. No. 29).

**I. Background**

On September 23, 2008, this case was filed in the Ottawa County Court of Common Pleas by Plaintiff Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-1 Asset-Backed Certificates, Series 2007-1 c/o American Home Mortgage Services, Inc. ("Wells Fargo") against Defendants as a foreclosure action. (Doc. No. 22). On November 20, 2008, Defendants filed their answer, which included counterclaims against Plaintiff Wells Fargo and counterclaims against new parties, including LSR. In this answer, Defendants labeled LSR as a "third-party defendant." (Doc. No. 11 at ¶ 23).

Furthermore, Defendants' answer asserted numerous class action claims against several other new parties. The class members were defined by Defendants as follows:

> All persons who are or were mortgagors of real estate of their residence and were or are defendants in a foreclosure action brought by Wells Fargo Bank, N.A. or American Home Mortgage Services, Inc. and who were told in writing by Third-

> Party Defendant LSR or American Home Mortgage Services, Inc. that the
> defendant was obligated to pay the Plaintiff attorney fees and other expenses in
> order to bring the note and mortgage current or to reinstate the loan.

(Doc. No. 11 at ¶ 24).  According to Defendants, this includes "hundreds of thousands" of class members (Doc. No. 11 at ¶ 25).  In support of their December 19, 2008 notice of removal, LSR cites 28 U.S.C. §§ 1331, 1332, 1441, and 1453 (Doc. No. 1 at 2).  On January 14, 2009, Defendants filed this motion for remand.  (Doc. No. 22).

**II.     Discussion**

Defendants argue that removal was improper since LSR is a "third-party defendant" and not a "defendant" and therefore is not permitted to remove under 28 U.S.C. § 1441.  (Doc. No. 22 at 3).  LSR argues that designating LSR as a "third-party defendant" is improper since there is no claim for indemnification against LSR.  (Doc. No. 27 at 2).  Furthermore, LSR argues that removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453.  (Doc. No. 27 at 1).

   **A.  Clarification of Party Designations**

Defendants' primary argument concerns the designation of LSR as a third-party defendant. 28 U.S.C. § 1441 does not provide a basis for removal for third-party defendants.  *FordMotor Credit Co. v. Jones*, No. 1:07CV728, 2007 WL 2236618 at *2 (N.D.Ohio Jul. 31, 2007) (citing *First National Bank of Pulaski v. Curry*, 301 F.3d 456, 460 (6th Cir. 2002)).  Defendants argue that since LSR is a third-party defendant, LSR never had the right to remove in the first place. Defendants cite Rules 14, 13(h), and 20 of the Federal Rules of Civil Procedure when discussing the third-party defendant designation.  Rule 14, governing third-party practice (impleader), states:

> A defending party may, as third-party plaintiff, serve a summons and complaint on
> a nonparty who is or may be liable to it for all or part of the claim against it. But

2

> the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1). By its own language, Rule 14 requires an indemnity claim in order to bring in a third-party defendant whereby the defendant is attempting to transfer liability from himself to a third-party defendant in the event he is found to be liable to the plaintiff. *See Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008).

Here, Defendants' claims against LSR are limited to alleged violations of the Fair Debt Collection Practices Act. (Doc. No. 11 at ¶ 95). Rather than claiming that LSR is liable to Defendants for loss resulting from the suit between Defendants and Wells Fargo, Defendants raise an entirely different issue; namely, that LSR "conspired to exaggerate fees and expenses claimed as costs which were not costs and/or expenses". (Doc. No. 11 at ¶ 94). Plaintiff Wells Fargo's claim against Defendants, on the other hand, is a foreclosure claim resulting from Defendants' purported default on a home mortgage. (Doc. No. 3 at ¶ 1). Therefore, Rule 14 is not applicable here and the term "third-party defendant" does not correctly describe LSR.

Since joinder of LSR was achieved by using Rules 13(h) and 20, as admitted by Defendants in their reply to LSR's brief in opposition to remand, LSR must either be a crossclaim defendant or a counterclaim defendant, depending upon the relationship between Defendants and LSR. (Doc. No. 29 at 2). Party joinder "may be used by a Defendant only if the Defendant has asserted a counterclaim or crossclaim in the action." 4 James Wm. Moore et al., Moore's Federal Practice § 20.02[1][b] (3d ed. 2009). Rule 13 "makes clear that a Crossclaim by definition is directed against a co-party, e.g. a co-defendant, distinguishing it from a Counterclaim which is directed against an opposing party." *Brooks v. Hickman*, 101 F.R.D. 16, 17 (W.D. Pa. 1984).

Indeed, a counterclaim is any suit by a defendant against the plaintiff including any claims properly joined with the claims against the plaintiff. *See* Fed.R.Civ.P. 13(a)(c). A counterdefendant need not also be a plaintiff. *See* Fed.R.Civ.P. 13(h). In light of the fact that LSR is not a co-party with Defendants, the claims asserted against LSR are properly termed counterclaims, making Defendants counterclaim plaintiffs and LSR a counterclaim defendant as to those claims. Most relevant to the issue before this Court is the determination that LSR is appropriately described as a "counterclaim defendant."

### B. Basis for Subject Matter Jurisdiction

The Court must now address whether Counterclaim Defendant LSR is entitled to remove this case to federal court under either 28 U.S.C. § 1441(a) or (c), or CAFA. It is clear that "third-party defendants are not 'defendants' for purposes of § 1441(a)." *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002). While there is no such Sixth Circuit bright line rule with regard to counterclaim defendants, the Court finds the reasoning in *Curry* to be instructive: "removal statutes are to be narrowly construed." *Id* (citing *Long v. Bando Mfg. of Am., Inc*., 201 F.3d 754 (6th Cir. 2000)).

The Southern District of Ohio has held that counterclaim defendants who were not defendants in the original action have no authority to remove. *CaptialSource Finance, LLC v. THI of Columbus, Inc.*, 411 F.Supp.2d 897, 899 (2005) (citing *Dartmouth Plan, Inc. v. Delgado*, 736 F.Supp. 1489, 1492 (N.D. Ill. 1990); *Tindle v. Ledbetter*, 627 F.Supp. 406, 407 (M.D. La. 1986); *OPNAD Fund, Inc. v. Watson*, 863 F.Supp. 328, 332 (S.D. Miss. 1994)); *See also* 32A Am. Jur. 2d *Federal Courts* § 1426 ("parties joined in a state court action as additional counterclaim defendants are not 'defendants' within the meaning of the removal statute"); 14C Charles Alan

Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3731 (3d ed. 1998) ("right of removal being limited to 'true' defendants"); 16 James Wm. Moore et al., Moore's Federal Practice § 107App.110[1] fn 9 (3d ed. 2009) ("Counterdefendants who were not defendants in the original action are not proper parties to remove").

Here, Counterclaim Defendants are seeking removal based on 28 U.S.C. § 1441 and based on the CAFA.  (Doc. No. 27 at 1).  With regard to removal under 28 U.S.C. § 1441, this Court agrees that counterclaim defendants who were not defendants in the original action are not proper party "defendants" for removal purposes.

In *Dartmouth*, a similar case, the original defendants, Mr. and Mrs. Delgado, received a mortgage on their home from Dartmouth.  736 F.Supp. at 1490.  Dartmouth sold the mortgage to a bank, but continued to service the mortgage.  *Id*.  When the Delgados stopped making mortgage payments, Dartmouth brought a state foreclosure action.  *Id*.  The Delgados counterclaimed against Dartmouth and added the bank and two other counterclaim defendants, alleging a class action.  *Id*.  The counterclaim defendants removed.  *Id*. at 1491.  In granting the Degados' motion for remand, the court found that although a non-plaintiff counterclaim defendant did not voluntarily choose to bring suit in a state court, "federalism principles and the language of § 1441 militate against allowing a third-party action to bring otherwise nonremovable claims into federal court with it" and "just as a third-party has no special rights to remove, neither does a nonplaintiff counterdefendant." *Id*.  Indeed, third-party defendants also do not voluntarily choose to be in state court.  The court concluded that just as a third-party defendant has no special right to remove, "a counterdefendant is not a defendant joined in the original action and therefore not a party that can remove a state action to federal court." *Id*.  The Court joins with several other courts in agreeing

5

with and adopting this analysis. *See, e.g.: Palisades Collections LLC v. Shorts*, 2008 WL 249083 (N.D.W.Va. Jan 29, 2008, aff'd 552 F.3d 327, 330-31 (4th Cir. 2008)); *Starr v. Prairie Harbor Development Co., Inc*., 900 F.Supp. 230 (E.D.Wis. Oct 13, 1995); *Cf. Deutsche Bank Nat'l Trust Co. v. Wickert*, No. 3:09 CV 288, 2009 WL 1011098 (N.D. Ohio Apr. 15, 2009).

With regard to CAFA, the Court recognizes that Congress intended to expand federal jurisdiction over class actions by enacting CAFA. *See Ford Motor Credit Co.*, 2007 WL 2236618 at *2. However, this expansion was achieved, not by allowing removal by third-party defendants, crossclaim defendants, or counterclaim defendants, but by "doing away with the nonaggregation rule and providing for minimal diversity." *Id.*; *see also Palisades Collections LLC v. Shorts,* 552 F.3d 327, 332-336 (4th Cir. 2008).

Since neither 28 U.S.C. § 1441 nor CAFA provide an opportunity for Counterclaim Defendant LSR to remove, removal by LSR in this case was improper.

## III.  Conclusion

For the reasons discussed above, Defendants' motion for remand is hereby granted. (Doc. No. 22).

IT ISO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE